**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LATOYA CALDER, et al., | * |
| Plaintiffs, | * |
| | Civil No. BPG-12-2350 |
| v. | * |
| GGC-BALTIMORE, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Currently pending is plaintiffs' Motion to Facilitate Identification and Notification of Similarly Situated Employees (the "Motion"). (ECF No. 13.) I have reviewed the Motion, defendant's Opposition (ECF No. 21) and plaintiffs' Reply (ECF No. 22). No hearing is deemed necessary. Loc. R. 105.6. For the reasons stated below, plaintiffs' Motion will be granted in part and denied in part.

Plaintiffs Latoya Calder and Jennifer McDaniel ("plaintiffs") are former exotic dancers who have sued GGC-Baltimore, LLC d/b/a The Gentlemen's Gold Club ("defendant" or "Club") for violations of the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment Collection Law. In their Motion, plaintiffs request identification and notification of similarly situated employees, pursuant to the collective action provision of the FLSA.

Pursuant to 29 U.S.C. § 216(b), plaintiffs may maintain a collective action against their employer for violations of the FLSA. Quinteros v. Sparkle Cleaning, Inc., 532 F. Supp. 2d 762, 771 (D. Md. 2008). Section 216(b) allows "similarly situated" employees to opt in to a lawsuit by giving their consent. Id. (citation omitted). It is well settled that the district court has the discretion to

1

decide whether to allow an FLSA claim to proceed as a collective action and to facilitate notice to potential plaintiffs. Id. (citation omitted); see also Marroquin v. Canales, 236 F.R.D. 257, 259 n.7 (D. Md. 2006) (holding that "the same legal standards apply for assessing the appropriateness of both proceeding as a collective action and providing court approved notice to potential class members").

When deciding whether to certify a collective action, courts generally follow a two-step process. Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 686 (D. Md. 2010). At the first step, known as the notice stage, the court "makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to the putative class members would be appropriate." Id. (citation and internal quotation marks omitted). The second stage, referred to as the decertification stage, occurs after the close of discovery. Rawls v. Augustine Home Health Care, Inc., 244 F.R.D. 298, 300 (D. Md. 2007). At the decertification stage, the court makes a final decision about whether a collective action is proper. Id.

At the notice stage, plaintiffs only need to make a "relatively modest factual showing" that they are similarly situated to potential opt-in plaintiffs. Marroquin, 236 F.R.D. at 259 (citation omitted). "A group of potential plaintiffs are 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law." Id. at 260 (citation omitted). While mere allegations in a complaint are insufficient to show substantial similarity, plaintiffs may make an adequate factual showing by affidavit. Id. at 259-60 (citation omitted). Such an affidavit must set forth more than "vague allegations" with "meager factual support" to establish substantial similarity. D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995). As noted above, however, plaintiffs need not conclusively establish that they are similarly situated until the post-discovery

2

decertification stage. Rawls, 244 F.R.D. at 300.

Here, through plaintiff Calder's affidavit, plaintiffs have made the required modest factual showing that they are similarly situated to other exotic dancers who worked at the Club but were not properly compensated. (ECF No. 13-2.) In her affidavit, plaintiff Calder alleges that she worked at the Club from March 1, 2012 through approximately June 26, 2012, working approximately forty-eight or more hours per week. (Id. ¶¶ 2-6.) Further, she alleges that defendant "titled all exotic dancers and me as independent contractors," but the dancers were actually employees because defendant "controlled all aspects of the job duties" and "had the ability to discipline all dancers, fine all dancers, fire all dancers, and adjust my schedule and the schedule of all other dancers." (Id. ¶¶ 7-11.) She alleges that defendant set the method by which she and all exotic dancers were paid. (Id. ¶¶ 13.) Plaintiff Calder also alleges in her affidavit that she and "other dancers [she] talked to . . . paid defendant approximately $100.00 or more per shift in fines, fees, charges, and private dance room charges" out of the money they received from customers. (Id. ¶¶ 21.) Finally, plaintiff Calder alleges that defendant never paid wages to her or any exotic dancer who worked at the Club. (Id. ¶¶ 23.) The undersigned concludes that plaintiff Calder has made adequate factual allegations regarding conditions of which she has personal knowledge, and accordingly, has satisfied plaintiffs' modest burden of establishing that potential plaintiffs are similarly situated, that is, they were the victims of a common policy that violated the FLSA.[1]

---

[1] Defendant argues that conditional class certification and notice is unwarranted because plaintiffs have presented only a single "vague, conclusory, and self-serving" affidavit from plaintiff Calder, which is based on hearsay. This argument is rejected because hearsay that may be inadmissible at trial may be considered at the notice stage where the affiant has knowledge of the statement. Robinson v. Empire Equity Grp., Inc., No. WDQ-09-1603, 2009 WL 4018560, at *3, nn.16-17 (D. Md. Nov. 18, 2009) (considering affiant's statement regarding knowledge of

Defendant's challenge to plaintiff Calder's personal knowledge of time periods outside of March 1, 2012 through June 26, 2012, however, is well founded. Although plaintiff Calder states in her affidavit that, based on her personal knowledge, she is "confident that [d]efendant has employed at least fifty (50) current and former dancers in the past three (3) years," Ms. Calder first worked at the Club on March 1, 2012. The affidavit makes no allegation regarding any of defendant's practices before this date. There is no requirement, as plaintiffs argue, for defendant to rebut a presumption that individuals who worked before March 1, 2012 were "dissimilar" to those about whom plaintiff Calder can attest personal knowledge. In addition, the affidavit suffers from the same deficiency with regard to exotic dancers who worked at the Club after plaintiff Calder ceased working. The only time period for which plaintiffs have provided any factual support is the period of plaintiff Calder's employment, March 1, 2012 through June 26, 2012. Plaintiff Calder has offered no basis to establish any personal knowledge of any time frame other than when she worked for defendant. See Robinson, 2009 WL 4018560, at *3 (declining to consider affiant's "broader claim of knowledge of the 'typical' experiences of 'most . . . [of defendant's] loan officers'"). Here, while plaintiff has knowledge of statements regarding other dancers with whom she spoke during her employment, she has offered no details regarding any time period other than when she worked at the Club.[2] Although the factual showing required at this stage is modest, the burden is still on plaintiffs.

---

defendant's compensation of certain loan officers that affiant learned from speaking to those loan officers about how they were paid).

[2] It should be noted that, in a case very similar to this one, Chief Judge Chasanow granted a motion for conditional class certification based upon a single exotic dancer's affidavit. McFeeley v. Jackson Street Entm't, LLC, No. DKC-12-1019, 2012 WL 5928902 (D. Md. Nov. 26, 2012). In contrast to the instant case, however, the affiant in McFeeley had worked at the defendant clubs for the entire proposed conditional class period. Id. at *1.

See id. at *3 ("Otherwise, affidavits submitted would not be any more probative than the bare allegations in the complaint, and the requirement of factual support would be superfluous.") (citation and internal quotation marks omitted). Plaintiffs have failed to allege any facts that justify conditional certification as to exotic dancers who did not work at the Club during the time that plaintiff Calder alleges to have worked there.[3] In sum, conditional certification is warranted for the class of all individuals who worked as exotic dancers at The Gentlemen's Gold Club at any time from March 1, 2012 through June 26, 2012, who have not been paid a minimum wage for all hours worked, or have not been properly compensated for their overtime work.

Because plaintiffs have met their preliminary burden to show that they are similarly situated to other exotic dancers who worked at the Club, notice will be provided to exotic dancers who worked at the Club from March 1, 2012 through June 26, 2012. So as to facilitate that notice, defendant is directed to supply plaintiffs with identifying information for the potential plaintiffs, to include full name, last known residential address, and last known e-mail address. See Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 575 (D. Md. 2012) (allowing notice by e-mail, in addition to first-class mail, because e-mail communication is "now the norm" and potential plaintiffs were technicians who would be especially likely to communicate by e-mail) (citation and internal quotation marks omitted). Plaintiffs' request to receive the "last known work address [and] last known phone number(s)" of all potential plaintiffs is denied because plaintiffs have not shown any special circumstances to necessitate such production. See McFeeley, 2012 WL 5928902, at *5 n.2

---

[3] Because plaintiffs have not alleged personal knowledge of defendant's conduct before March 1, 2012, the court need not address the parties' dispute as to whether a two- or three-year statute of limitations applies here. See 29 U.S.C. § 255(a) (imposing a general two-year limitation, and a three-year period for willful violations). Although it may eventually be appropriate to address

("Absent a showing by plaintiffs of special need for the disclosure of class members' telephone numbers, ordering such disclosure is not appropriate.") (citation and internal quotation marks omitted); see also Arevalo v. D.J.'s Underground, No DKC-09-3199, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010) (denying request to make contact by telephone, holding that plaintiffs' counsel's speculation that mailed notices were not received did not outweigh inherent risks of improper solicitation and intrusion into privacy).

As to the content of the notice, plaintiffs submitted a proposed notice, which defendant argues is deficient. Pursuant to the FLSA, the notice must provide accurate and timely notice to potential plaintiffs so they may make informed decisions about whether to join a collective action. McFeeley, 2012 WL 5928902, at *5 (citations omitted). "The district court has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." Id. (citation omitted). Defendant argues that the notice should notify potential plaintiffs about defendant's counterclaims, because set offs for service charges earned by plaintiffs "will have a significant effect upon any potential award." (ECF No. 21-1 at 8.) In McFeeley, this court denied the defendant's request to include information regarding pending counterclaims in the notice. 2012 WL 5928902, at *5 (quoting Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (denying defendant's request to notify potential plaintiffs of counterclaims because it "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree")). Moreover, potential plaintiffs in this case will be informed of defendant's position, noted in the "Factual Background" section of the notice, that "Defendant denies these claims and denies any liability for unpaid minimum wage compensation or overtime

---

the question of defendant's willfulness and the applicable statute of limitations, to do so at this

wages. The Court has not addressed whether Defendant has done anything wrong." (ECF No. 13-3 at 2); see Whitehorn, 767 F. Supp. 2d at 451 (brief statement in notice that defendant denied responsibility was sufficient) (citation omitted). Indeed, "in every case a plaintiff faces the possibility that he or she will not be awarded any damages. That the defendants' counterclaims are the vehicles here that could preclude recovery is not significant." Ruffin v. Entm't of the E. Panhandle, No. 3:11–CV–19, 2012, WL 1435674, at *6 (N.D. W. Va. Apr. 25, 2012) (rejecting, for the second time, defendants' request to include their counterclaims in the notice to potential conditional FLSA class members). Accordingly, the notice need not contain any reference to defendant's counterclaims.

Defendant also argues that the notice period in plaintiffs' proposal is longer than necessary. In their Reply, plaintiffs stipulate to an opt-in period of seventy-five days after defendant provides the information requested by plaintiffs in their Motion, without prejudice to seek an extension if the information supplied is deemed to be insufficient. The undersigned finds that plaintiffs' proposal in this regard is reasonable. Accordingly, the proposed notice should reflect, in the "Your Participation in the Suit" section, that plaintiffs have until October 1, 2013 to opt in to the action.

For the reasons stated above, plaintiffs' Motion (ECF No. 13) is GRANTED IN PART and DENIED IN PART. The class is conditionally certified as to all individuals who worked as exotic dancers at The Gentlemen's Gold Club at any time from March 1, 2012 through June 26, 2012, and who have not been paid a minimum wage for all hours worked or have not been properly compensated for their overtime work (the "Putative Class"). Defendants shall, **within 14 days of the entry of this Memorandum and Order**, provide to plaintiffs' counsel the full legal name, last

---

juncture would be premature.

known residential address, and last known e-mail address of all Putative Class members. Plaintiffs may notify other potential plaintiffs by first-class mail and e-mail, using the court-approved notice and consent form appended to this Memorandum and Order.

|      7-3-13      |      /s/      |
|---|---|
| Date | Beth P. Gesner<br>United States Magistrate Judge |